*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1818**

Arturo James Ortega, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed July 21, 2014
Reversed
Halbrooks, Judge**

Rice County District Court
File No. 66-CV-13-1316

Barry L. Hogen, Golden Valley, Minnesota (for respondent)

Lori Swanson, Attorney General, James E. Haase, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and Hudson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

In this appeal by the commissioner of public safety of an order rescinding the revocation of respondent's driver's license, appellant argues that the district court erred by ruling that respondent did not voluntarily consent to the urine test because he was

under arrest and had been informed that criminal penalties would result from refusal. We reverse.

## FACTS

On March 17, 2013, at approximately 2:00 a.m., Rice County Sheriff's Deputy Belcourt saw respondent Arturo James Ortega back his vehicle into a parked car in Faribault. The deputy stopped the vehicle, identified respondent by his Minnesota ID card, and detected a strong odor of alcoholic beverage. In response to questions, respondent stated that he was coming from a bar and that he had had four or five beers since 9:00 or 10:00 p.m. Respondent performed poorly on three field sobriety tests—the horizontal gaze nystagmus, one-leg stand, and walk-and-turn tests. Respondent then took a preliminary breath test, which resulted in a reading of .095. A status check revealed that respondent's driver's license was suspended.

The deputy placed respondent under arrest and transported him to the Rice County Law Enforcement Center. The deputy read respondent the implied-consent advisory, which informed him that he had the right to consult with an attorney before making a decision about testing, and asked whether he would provide a urine sample. Respondent stated that he understood the advisory, that he did not wish to speak with an attorney, and that he would submit to the urine test. The sample was collected at 2:12 a.m. and showed an alcohol concentration of .10.

The Minnesota Commissioner of Public Safety revoked respondent's driver's license for a period of 90 days under the Minnesota Implied Consent Law, Minn. Stat. §§ 169A.50-.52 (2012). Respondent challenged the revocation in district court, arguing

that under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), the search of his urine was not within a per se exigency exception to the warrant requirement and that there were no exigent circumstances here, because only twelve minutes had elapsed between the stop of the vehicle and the collection of the sample. The parties stipulated to the facts as presented in the implied-consent reports. The district court rescinded the revocation, determining that there were no exigent circumstances and that the commissioner had not proved by a preponderance of the evidence that respondent's submission to the urine test was free and voluntary. The commissioner now appeals.

## D E C I S I O N

"When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). The United States and Minnesota Constitutions protect against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking and testing a blood, breath, or urine sample constitutes a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). A warrantless search is unreasonable unless it falls within an exception to the warrant requirement. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007).

The exigency created by the dissipation of alcohol in the body is not per se sufficient to dispense with the warrant requirement. *McNeely*, 133 S. Ct. at 1561. But a warrantless search is valid if the person voluntarily consents to the search. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The state bears the burden of showing by a preponderance of the evidence that the defendant

3

freely and voluntarily consented. *Id*. Whether consent is given freely and voluntarily is determined by examining the "totality of the circumstances." *Id.* (quotation omitted).

The district court, which issued its order before our supreme court's opinion in *Brooks*, ruled that because the implied-consent advisory criminalizes the refusal to submit to testing and respondent was under arrest, his consent to testing was coerced. But the supreme court in *Brooks* held that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id*. at 570. Here, it is uncontested that the deputy complied with all the requirements of administering the implied-consent advisory. Respondent was asked whether he wished to speak with an attorney, and he stated that he did not. He was asked whether he would submit to a test, and he stated that he would do so. Under these circumstances, the district court erred in rescinding the revocation of respondent's driver's license. Accordingly, we reverse the district court's order. Because we reverse the district court's order on the ground that respondent validly consented to the warrantless search, we do not address the commissioner's additional arguments in support of reversal.

**Reversed.**